IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELLYN L.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:24-CV-00779-BU |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dellyn Lohmar seeks judicial review of a final adverse decision of the Commissioner of Social Security (Commissioner) under 42 U.S.C. § 405(g). Dkt. No. 1. This case was automatically referred to the undersigned with a designation to exercise the district court's full jurisdiction and conduct all proceedings in this case upon the consent of the parties. *See* Special Order No. 3-350. Both parties have since consented to proceed before a magistrate judge. *See* Dkt. Nos. 4, 8.

For the reasons explained below, the Court AFFIRMS the Commissioner's decision.

## I. JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff sues under 42 U.S.C. § 405(g). Venue is proper in the United States District Court, Northern

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

District of Texas, Dallas Division because Plaintiff resides in Hunt County, Texas. 42 U.S.C. § 405(g). The undersigned has the authority to enter this Order and exercise the full authority of this Court after the parties consented to the undersigned exercising jurisdiction. Special Order No. 3-350 (N.D. Tex. Sept. 11, 2023).

## II. FACTUAL BACKGROUND

Plaintiff alleges a disability that began on October 9, 2020. Administrative Record, Dkt. No. 9 (Tr.) at 22. Plaintiff claims her disability is a product of variety of ailments, including, vestibular schwannoma, ulcerative colitis, obesity, psoriatic arthritis, poly arthropathy, fibromyalgia, chronic fatigue, Ebola, liver disease, spine impairments, and mental impairments. *Id*. at 17.

Plaintiff was born on April 3, 1977, and was forty-three years old on the alleged disability onset date. *Id*. at 215, 233. She has a general equivalency degree and attended some college classes. *Id*. at 103. Prior to the onset of her disability, Plaintiff worked as a motel desk clerk and a merchandiser. Dkt. No. 12 at 6.

On May 27, 2021, Plaintiff applied for a period of disability and disability insurance under Title II of the Social Security Act (Act). Tr. at 15. The Agency denied Plaintiff's claims on March 24, 2022, and again upon reconsideration on December 6, 2022. *Id*. After holding a telephone hearing on June 26, 2023, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff disability benefits on September 7, 2023. *Id*. at 15-34. Plaintiff then requested the Appeals Council (AC) review that decision and submitted new medical evidence to support her claim. *Id*. at 1-7. The AC denied Plaintiff's request for review,

stating that the new evidence did not have a reasonable probability of changing the outcome of the case. *Id*. at 2.

## III.  PROCEDURAL HISTORY

### A.    ALJ's Decision

The ALJ conducted a telephone hearing to review the denial of Plaintiff's application and determine whether Plaintiff was disabled under the Act. *Id*. at 49-86. Shortly after this hearing, the ALJ found that Plaintiff was not disabled.[2] *Id*. at 12-34. In doing so, the ALJ made the following findings (1) Plaintiff had not engaged in substantial gainful activity since October 9, 2020, (2) Plaintiff had the following severe impairments: vestibular schwannoma, ulcerative colitis, obesity, psoriatic arthritis, and poly arthropathy, and (3) none of these impairments, alone or in combination, meets or medically equals the severity of one of the listed impairments in the Social Security Regulations. *Id*. at 17-22.

In light of these impairments, the ALJ determined that Plaintiff had a residual functioning capacity (RFC) to perform less than the full range of light work in that:

> [Lohmar] can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. However, she can never climb ladders, ropes, or scaffolds and can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. Also, she must avoid vibration, hazards (such as dangerous moving machinery, unprotected heights, open flames, and bodies of water), and extremes of cold.

*Id*. at 22-23.

---

[2] As discussed below, the Commissioner employs a five-step analysis to determine whether claimants are disabled under the Social Security Act.

Based on this RFC, the ALJ then concluded that Plaintiff can perform her past work as a merchandiser. *Id*. at 29. Thus, the ALJ determined that Plaintiff had not been under a disability from October 9, 2020. *Id*.

### B.    Appeal Council's Decision

Plaintiff appealed the ALJ's decision to the AC. *Id*. at 1-7. She submitted new medical evidence with this appeal including treatment records from Dr. Jeremiah Sisay and a medical source statement from Dr. Wasilla Amari. *Id*. The AC found that the new evidence did not show a reasonable probability that it would change the ALJ's decision. *Id*. It did not exhibit the evidence and it denied review. *Id*. Plaintiff subsequently filed this action in federal district court.

### B.    Plaintiff's Challenge

Plaintiff challenges both the AC's decision and the ALJ's decision. Dkt. No. 12. With regards to the AC's decision, she argues that the Council failed to properly justify its denial because it did not directly address the persuasiveness of the new evidence she submitted on appeal. *Id*. at 19-21. The Plaintiff challenges the ALJ's decision arguing that his RFC finding is not based on substantial evidence. *Id*. at 24-35. Specifically, Plaintiff argues that the ALJ erred when assessing her manipulative limitations, her mental impairments, and her ulcerative colitis. *Id*.

## IV.  LEGAL STANDARDS

To be entitled to Social Security benefits, a claimant must show that they are disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

Although a claimant bears the burden of establishing whether they meet the requirements for a disability, an ALJ's finding that a claimant has not satisfied their burden must be based on substantial evidence. *See, e.g.*, *Belk v. Colvin*, 648 F. App'x 452 (5th Cir. 2016) (per curiam). And judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S.C. § 405(g)). A reviewing court "may

affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies their initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant can perform. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

## V.  DISCUSSION

The Plaintiff argues that remand is appropriate because of the AC's failure to review the appeal and because the ALJ's initial decision lacked substantial evidence. The Court will evaluate each of Plaintiff's challenges in turn.

**1. The AC did not have a duty to discuss new evidence nor does the lack of such discussion inhibit judicial review.**

Plaintiff initially argues that, upon receiving new evidence, the AC is required to discuss the persuasiveness of such evidence and why it does or does not warrant review of the ALJ's decision. Dkt. No. 12 at 19-21. The Commissioner disputes this duty, stating that the AC has no obligation to address new evidence when denying a request for review. Dkt. No. 15 at 3-4. In her reply, the Plaintiff amends her argument to request remand, not just because the AC did not issue a persuasiveness finding as to the new evidence, but also because the absence of such explanation forces the Court to speculate as to the AC's reasoning for denying review. Dkt. No. 16 at 5. Without this explanation, Plaintiff contends, this Court cannot conduct a meaningful judicial review and therefore, must remand the case for further findings. *Id.*

*A. The AC was not obligated to justify its denial of review, despite the new medical evidence.*

For the reasons explained below, Plaintiff's initial argument, that the AC was required to discuss Dr. Amari's statement when denying review, is without merit.

Plaintiff is correct that the Social Security regulations require an ALJ to discuss the persuasiveness of the medical evidence before it. *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021); 20 C.F.R. § 404.1520c. Plaintiff is wrong, however, in suggesting these requirements automatically extend to the AC, whenever new evidence is presented on appeal. *See Sun v. Colvin*, 793 F.3d 502, 511 (5th Cir. 2015); *Whitehead v. Colvin*, 820 F.3d 776, 780 (5th Cir. 2016). When the AC reviews the ALJ's decision, it may either review the case and issue an independent decision or deny the party's request for review. *Sun*, 793

F. 3d at 511 (quoting 20 C.F.R. § 404.981). Contrary to Plaintiff's contention, the AC is only required to explain its findings and discuss new evidence if it grants review. 20 C.F.R. § 404.981; *see Epps v. Harris*, 624 F.2d 1267, 1272-73 (5th Cir. 1980) (remanding where the AC reviewed the ALJ's decision but did not address the post-hearing evidence); *Sun*, 793 F.3d at 511 (limiting the requirement that the AC discuss new evidence to cases where it grants review).

Alternatively, the AC is under no duty to discuss the new evidence when it denies review. 20 C.F.R. § 404.981; *Whitehead*, 820 F.3d at 780. In the present case, Plaintiff submitted a new medical source statement from Dr. Amari when applying for review.[3] Tr. at 2. The AC denied review and so it was not required to share its rationale or discuss the persuasiveness of Dr. Amari's statement. *See* 20 C.F.R. § 404.981.

Accordingly, the AC's denial of review was not improper for lack of written explanation.

*B. The Court is able to conduct judicial review, absent the AC's justification for denial.*

Alternatively, Plaintiff argues that the even without an explicit obligation on the AC to issue a written opinion, the failure to do so here prevents the Court from conducting meaningful judicial review. Absent a persuasiveness discussion, Plaintiff contends that "no logic bridge is established between the persuasiveness finding and the evidence of record that would allow for meaningful judicial review." leaving the Court to speculate as to the Commissioner's persuasiveness finding. Dkt. No. 12 at 21.

---

[3] Plaintiff also presented treatment records from Dr. Jeremiah Sisay but Plaintiff's present argument does not include these records. *See* Dkt. No. 12. The parties do not dispute that the new medical records submitted to the AC were made part of the case record. *See* Dkt. Nos. 12; 15.

The AC will only consider new evidence on appeal in limited circumstances. *Musial v. Astrue*, No. 4:10-CV-280-A, 2011 WL 5346307, at *6 (N.D. Tex. Nov. 3, 2011) (citing *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). The AC is only required to consider evidence that is (1) new (2) material and (3) relates to the period on or before the ALJ's decision. *Id*.; 20 C.F.R. § 404.970(b). The new evidence is material if there is a reasonable possibility that the Commissioner would have reached a different conclusion had he known of the evidence. *Hammond v. Barnhart*, 124 Fed.Appx. 847, 853-54 (5th Cir. 2005); *Musial*, 2011 U.S. Dist. LEXIS 127619, *18. Even where the new evidence satisfies these requirements and "casts doubts on the soundness of the ALJ's findings," the AC may nevertheless deny review if it determines substantial evidence supports the denial of benefits. *Hardman v. Colvin*, 820 F.3d 142, 151 (5th Cir. 2016) (quoting *Sun*, 793 F.3d at 511-12).

In denying Plaintiff's request for review, the AC found Dr. Amari's medical source statement immaterial. *See* Tr. 2. Therefore, in conducting its review, the Court must determine whether there was substantial evidence to conclude the new evidence did "not show a reasonable probability that it would change the outcome of the decision." *See id*.; *Hammond*, 124 Fed.Appx at 853-54. After review of the record, the Court finds there is.

The fact that Dr. Amari's medical source statement was inconsistent with the ALJ's RFC finding, alone, is not enough to find it is material. [4] *See Molina v. O'Malley*, No. 1:23-

---

[4] Dr. Amari found that, as of October 9, 2020, "Lohmar could sit in a working position continuously for 15 minutes, and for a total of 2 hours during an 8-hour work day; would need to rest 2 hours during an 8-hour work day for pain management, and for 2 hours due to fatigue; could occasionally lift and/or carry up to 10 pounds; could occasionally reach, grasp, and finger bilaterally; could occasionally stoop and kneel; and could rarely/never climb, balance, crouch, and crawl." Dkt No. 12 at 14.

CV-60, 2024 WL 35556844, at *11 (S.D. Tex. Feb. 14, 2024), *report and recommendation adopted*, No. 1:23-cv-060, 2024 WL 35559590 (S.D. Tex. July 26, 2024) (finding a medical source statement was not material despite directly contradicting the ALJ's RFC finding). There is substantial evidence that the new evidence did not show reasonable probability for changing the Commissioner's decision. For example, Dr. Amari's opinion is conveyed in a non-narrative form and lacks any objective medical evidence to support his findings. *See Molina*, No. 1:23-CV-60, 2024 WL 35556844, at *11 (holding that a differing medical opinion conveyed through a medical questionnaire, on its own, did not warrant remand). The Fifth Circuit disfavors these "checklist" forms and assigns them little value due to their brevity, conclusory nature, and lack of explanatory notes, objective tests, or examinations. *Foster v. Astrue*, 410 Fed.Appx. 831, 833 (5th Cir. 2011). Not only are courts generally opposed to these forms, the ALJ in this case rejected Dr. Sisay's medical opinion for similar reasons, noting it did not provide objective findings to support its conclusion. [5] Tr. at 28.

Further, the ALJ's reasonings for rejecting Dr. Sisay's opinion are equally applicable to Dr. Amari's opinion. *Id*. Dr. Amari's opinion, like that of Dr. Sisay, conveys that Plaintiff has a lower RFC than the ALJ determined. *Id*. However, the ALJ rejected Dr. Sisay's opinion because a lower RFC was not consistent with Plaintiff's medical records. *Id*. Further, Dr. Amari's medical source statement is unlikely to change the outcome because, like Dr. Sisay's opinion, it only relies on three diagnoses in support of the low RFC. Tr. 38.

---

[5] Dr. Sisay reported that Plaintiff "could only sit, stand and walk for a combined four hours in an 8-hour workday due to having to rest for four hours during an 8-hour workday; could only occasionally lift up to five pounds; could only occasionally manipulate and had postural limitations." Tr. at 28.

The ease in which these justifications translate to Amari's report warrants a finding that substantial evidence supports the ALJ's opinion. *See Musial*, 2011 U.S. Dist. LEXIS 127619, *22 (finding new evidence presented to the AC immaterial because the ALJ had articulated reasons for finding similar evidence unpersuasive).[6]

Plaintiff attempts to rush this Court past the materiality inquiry and treat the case as if the AC had considered the evidence. Dkt. Nos. 12 at 16-21; 16 at 1-5. In doing so, Plaintiff relies on *Sun* and *Meyer v. Astrue*, but this reliance is misplaced. Dkt. No. 16 1-5. In these cases, the AC had determined the evidence was material but did not warrant review. *Sun*, 793 F.3d at 512; *Meyer*, 662 F.3d 700, 704 (4th Cir. 2011). The distinction between evidence that is "significant and casts doubt on the soundness of the ALJ's decision, but [] does not necessarily contradict the ALJ's decision" is a fine line. *See Sun*, 793 F.3d at 512. Determining where the AC drew that line can be difficult for a reviewing court absent an explanation. *See Meyer*, 662 at 707 (noting the new evidence was not "one-sided" and because no fact finder had attempted to reconcile that evidence with conflicting and supporting evidence in the record, remand was required). However, the Court is not faced with that task. Plaintiff's new evidence did not pass the materiality threshold and, for the reasons stated above, the Court has no difficulty finding substantial evidence to support that decision.[7]

---

[6] Plaintiff reminds the Court that it does not have the power to "re-weigh the evidence" or speculate as to the Commissioner's findings. Dkt. No 12 at 21. However, if the Court were to ignore the relevancy of these justifications as they apply to the new evidence, remanding as Plaintiff requests would require the Court to substitute its judgment for that of the Commissioner. *See Sun*, 793 F.3d at 508.

[7] Plaintiff does not address, let alone argue, that Dr. Amari's opinion was not material. See Dkt Nos. 12, 16.

Accordingly, the Court finds that the AC did not err in failing to address the persuasiveness of Dr. Amari's medical source statement on appeal, nor did the absence of that explanation prevent the Court from engaging in meaningful judicial review.

**2. The ALJ's RFC finding does not warrant remand.**

Plaintiff argues that the ALJ's RFC finding was not supported by substantial evidence in three respects. First, Plaintiff argues that the ALJ's determination that she had no manipulative limitations was based on the ALJ's selective reading of the record. Second, the ALJ improperly rejected a medical opinion which, according to Plaintiff, would have warranted a finding that she had severe mental limitations. Third, the ALJ's assessment of Plaintiff's ulcerative colitis was not supported by substantial evidence, but rather the ALJ's interpretation of raw medical data.

A claimant's RFC, determined solely by the ALJ, is the most they can do considering their physical limitations. *Perez v. Heckler*, 777 F.2d 298, 302 (5th Cir. 1985). In considering all relevant evidence, the ALJ assesses the claimant's maximum ability to work on a sustained basis in an ordinary work setting despite their impairments. 20 C.F.R. § 404.1545(a). The ALJ must assess the medical evidence prior to making an RFC finding, but is not required to incorporate impairments into the RFC if the ALJ finds those limitations are not supported by the record. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). The ALJ's finding must be supported by substantial evidence, but they are not required to "specifically articulate all of the evidence that supports her decision, or all the evidence she rejected." *Kirby v. Comm'r*, 2023 U.S. Dist. LEXIS 177196, *21-22. In reviewing the ALJ's RFC finding, the Court's inquiry is limited to "whether the record as

a whole yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

The Social Security Regulations require the ALJ to evaluate the persuasiveness of all medical opinions and findings using various factors, the most important of which being supportability and consistency. 20 C.F.R. § 404.1520c (c)(1)-(5). Supportability is the degree to which objective medical evidence supports the medical opinion at issue. *Id*. at (a). The more the opinion is supported by objective medical evidence, the more persuasive it will be. *Id*. at (c)(1). When evaluating consistency, a medical opinion will be persuasive if it is consistent with the other evidence from medical and nonmedical sources. *Id*. at (c)(2).

"There is little authority discussing what an ALJ must do to adequately 'explain' supportability and consistency" nor have courts found that "magic words or [a] specific amount of explanation [is] required." *Hubbard v. Comm'r of Soc. Sec.*, No. 4:20-CV-00588-BP, 2022 WL 196297 at * 3 (N.D. Tex. Jan. 21, 2022) (quoting *Moore v. Saul*, No. 3:20-cv-48-DPJ-MTP, 2021 WL 754833, at 3* n.1 (S.D. Miss. Feb. 26, 2021). However, the ALJ's discussion on supportability and consistency must be ample enough "to permit meaningful judicial review." *Lara v. Kijakazi*, No. 3:21-cv-1032-L-BH, 2022 WL 4486085, at *13 (N.D. Tex. Aug. 29, 2022) (quoting Dominick v. Kijakazi, No. 3:20-CV-03473-E-BT, 2022WL 2874705, at *4 (N.D. Tex. May 12, 2022)), *report and recommendation adopted*, No. 3:21-CV-1032-L-BH, (N.D. Tex. Sept. 27, 2022). When the ALJ's "decision reflects consideration of these two factors as well as a review and analysis of the objective record," this is generally deemed sufficient. *Lara*, 2022 WL 4486085, at

*13; *see also Ray v. Comm'r of Soc. Sec.*, No. 4:21-cv-1709, 2022 WL 3566844, at *4 (S.D. Tex. Aug. 17, 2022) (finding that "although the ALJ did not specify which pieces of evidence in the record and evidence at the hearing [the doctor's] opinion is inconsistent with, the ALJ outlined in detail Plaintiff's testimony, his reported daily activities, and his medical records before evaluating the medical opinions.").

A. *The ALJ's determination that Plaintiff had no manipulative limitations was supported by substantial evidence.*

Plaintiff contends that the ALJ's determination that Plaintiff has no manipulative limitations is not supported by substantial evidence. Dkt. No. 12 at 25-29. In making her argument, Plaintiff notes that the ALJ relied entirely upon one part of Dr. Meier's limited consultative examination. *Id*. at 27. The ALJ, according to Plaintiff, ignored other reports from medical sources including ones made by Dr. Meier within the same cited report. *Id*. One of these sources the ALJ discounted was Dr. Amari, who specializes in rheumatology and was treating Plaintiff for inflammatory poly arthropathy, psoriatic arthritis, and arthralgia of the bilateral hands. *Id*. at 27-28.

As state above, the Court must refrain from re-weighing the evidence. The purpose of this judicial review is limited to the determination that there is substantial evidence in the record as a whole to support the ALJ's decision. *Loza*, 219 F.3d at 393. With this in mind, the Court finds that the ALJ's determination that Plaintiff did not have manipulative limitations is supported by substantial evidence.

The ALJ found that Plaintiff did not have manipulative limitations based on the findings of Dr. Meier who found claimant able to "turn a doorknob, shuffle papers, use a

pen, manipulate a coin, button/unbutton, and zip with both hands." Tr. at 25, 479. The ALJ considered the report of Dr. Amari and Hampton when recognizing that the claimant had inflammatory impairments but found, considering Dr. Meier's report and the testimony of Plaintiff's husband who stated she had no difficulty using her hands, manipulative limitations were not warranted. Tr. at 25, 26. Under this court's limited review, it cannot find that the ALJ's decision to rely on Dr. Meier's report, over that of Dr. Amari and NP Hampton, constitutes legal error. *See Loza*, 219 F.3d at 393.

Plaintiff's argument that the ALJ should have given more weight to Dr. Amari's opinion is without merit. Although Dr. Amari may be Plaintiff's treating physician, for claims filed on or after March 27, 2017, the ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a); Tr. at 15 (noting that Plaintiff filed for disability on May 27, 2021). Plaintiff's reliance on *Kirkpatrick v. Colvin* and *Benton v. Comm'r of Soc. Sec*., is unpersuasive given that it was decided under regulations that are not applicable in this case**.** *Kirkpatrick,* No. 3:16-CV-00337, 2018 WL 2091410, at *6 (S.D. Tex. Apr. 18, 2018, *report and recommendation adopted*, No. 316-CV-00337, 2018 WL 2086745 (S.D. Tex. May 4, 2018); *Benton*, No. 1:18-CV-377-ZJH, 2019 WL 13210625, at *7 (E.D. Tex. Oct. 9, 2019). Similarly, Plaintiff's argument that the ALJ's reference to the entire record is merely boilerplate language is not compelling as the ALJ explicitly cited and summarized the reports Plaintiff contends he ignored. Tr. at 25, 26.

For the reasons above, the Court finds the ALJ's finding that Plaintiff did not suffer from manipulative restrictions was supported by substantial evidence.

### B. The ALJ's rejection of Dr. Ludden's opinion was proper in his determination that Plaintiff did not have severe mental impairments.

Plaintiff argues that the ALJ's conclusion that her mental impairments were not severe was not supported by substantial evidence. Dkt. No. 12 at 25-27. In making this finding, the ALJ rejected the medical findings of Dr. Linda Ludden because he determined her opinion was inconsistent with the record. Tr. at 19 – 21. This record was largely comprised of psychological assessments of Plaintiff which took place during physical examinations. *Id*. Plaintiff contends that the ALJ was not allowed to rely on these assessments when rejecting the findings of a mental health specialist. Dkt. No. 12 at 26-27.

Plaintiff challenges the ALJ's finding, relying largely on *Teri V. v. O'Malley*. Dkt. No. 12 at 26. In *Teri*, the ALJ improperly evaluated the medical opinions and found that the claimant did not have severe mental limitations. 2024 WL 3243477, at *12. The ALJ rejected the longitudinal record containing the opinions of the claimant's psychologists and primary care providers which supported a finding of severe mental impairment. *Id*. at 8-10. Instead, the ALJ found these opinions inconsistent with the record; however, the "record" the ALJ was referencing contained only psychological assessments from isolated doctor visits, none of which were conducted with mental health providers. *Id*.

On review, the Court found the ALJ erred in relying on doctors who do not specialize in mental health and rejecting most mental health providers' opinions as

inconsistent by relying on that same evidence. *Id*. at 12; *see also Dotson v. Kijakazi*, No.

4:20-CV-169-DAS, 2022 U.S. Dist. LEXIS 9357, 2022 WL 180654, at * 5 (N.D. Miss. Jan.

19, 2022) (finding it improper to reject the findings of mental health specialists because of

notations of "professionals [who] are focused on treating physical impairments, not on

mental problems" such as emergency room personnel and physical therapists).

Despite Plaintiff's arguments to the contrary, the present case is distinguishable

from *Teri*. First, the ALJ in *Teri* ignored a longitudinal record and gave significant weight

to isolated reports. 2024 WL 3243477, at *8-10; *compare Dotson*, 2022 U.S. Dist. LEXIS

9357, 2022 WL 180654, at * 5 (finding the ALJ erred in relying on "normal" mental status

notations by emergency room personnel where *four* mental health specialists' opinions

indicated mental impairments) (emphasis added). Here, the ALJ did the opposite – he

discounted a one-time consultative report through citing a longitudinal record reflecting

normal psychology evaluations throughout the course of Plaintiff's treatment.[8] Tr. at 19-

21.

Further, the ALJ relied on a record that contained opinions from professionals who

had the capacity to assess and treat Plaintiff's mental health. For example, the ALJ relied

on the report of Dr. Meier who diagnosed Plaintiff with anxiety and PTSD. Tr. at 20, 475-

80. Dr. Meier can therefore be distinguished from the medical professionals in *Teri* who

did not have mental health expertise. *See* 2024 WL 3243477, at *8-10. The ALJ also cites

Nurse Practitioner Hampton's report, who is Plaintiff's primary care provider and screened

---

[8] Not only did the ALJ properly discuss consistency by relying on these records, but he also provides a
supportability analysis. Tr. at 21. The ALJ notes that Dr. Ludden opinion was not supported as it did not cite to any
objective medical evidence. *Id*.

Plaintiff for depression screening. Tr. 933, 934; *see Teri,* 2024 WL 3243477, at 8 (relying on the findings of the claimant's primary care provider when determining whether the mental impairments were severe). Finally, the ALJ's finding is also supported by the State agency psychological consultant, who found the record of record supports a mild limitation. Tr. at 94.

Accordingly, there was substantial evidence to support the ALJ's finding that Plaintiff had only mild mental impairments.[9]

### C. *The ALJ's assessment of Plaintiff's ulcerative colitis does not warrant remand.*

Finally, Plaintiff argues that the ALJ failed to properly assess the impact of Plaintiff's ulcerative colitis when determining her RFC. Dkt. No. 12 at 30. In challenging the ALJ's findings, Plaintiff argues the ALJ erred in two respects. *Id*. at 30-35. First, Plaintiff contends that substantial evidence does not support the ALJ's general finding that her condition was controlled. *Id*. at 30. Second, Plaintiff argues that substantial evidence did not support the ALJ's specific conclusion that Plaintiff's daily bowel movements would not all occur within the workday was not based on medical evidence or reports. *Id*. at 34. The Court will evaluate each argument, beginning with the latter.

### i. The ALJ's findings as to the degree of symptoms Plaintiff may experience during a hypothetical workday was not based on substantial evidence.

---

[9] In arguing against the ALJ's manipulative limitation and mental impairment finding, Plaintiff asserts that the ALJ picked through the record, adopting "different, and opposite, approaches to evaluating the evidence of the record, depending on which approach fit into the ALJ's narrative[]". Dkt. No. 12 at 28. Namely, Plaintiff notes that the ALJ found it appropriate to rely on a one-time consultative report when determining manipulative limitations but refused to do so when determining mental impairments. *Id*. at 28-29. This argument is without merit. The Commissioner's decision reflects that the ALJ considered all the evidence and, as explained above, substantial evidence supports his ultimate conclusion. This Court will not and cannot substitute its opinion and reweigh that evidence at Plaintiff's request. *See Brunson v. Astrue*, 387 Fed.Appx. 459, 461 (5th Cir. 2010)("The fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record.").

Plaintiff argues that the ALJ's finding that the ulcerative colitis symptoms would either not occur at work or would occur during scheduled breaks not only was a product of speculation, but it was inconsistent with the record. [10] In sum, the Plaintiff argues that the ALJ "played doctor" in reaching this conclusion. For the reasons stated below, the Court agrees.

In determining a claimant's RFC, the ALJ examines the medical evidence in the record such as medical opinions and the claimant's medical records. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). "[W]hile the ALJ's opinion cannot represent a drastic departure from the medical opinions, it need not be a rubber stamp for the opinions, either." *Miller v. Comm'r of Soc. Sec.*, No. 1:20-CV-382-FKB, 2022 WL 5241200, at *4 (S.D. Miss. Sept. 1, 2022), *aff'd sub nom. Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773 (5th Cir. Jan. 18, 2023). However, the ALJ is still a layperson and cannot "play doctor" by relying on their own interpretation of raw medical data when determining RFC. *Cooley v. Comm'r of Soc. Sec.*, No. 2:20-CV-46-RPM, 2021 WL 4221620, at *5 (S.D. Miss. Sept. 15, 2021); *see Frank v. Barnhart*, 326 F.3d 621-22 (5th Cir. 2003) (per curiam)(stating that layperson's opinions, based on common sense, are often wrong).

In the present case, the ALJ does not cite to any evidence in the record to support his conclusion that the claimant would experience some of her symptoms outside of her working hours. *See* Tr. at 26. Although common sense may lead one to conclude that such

---

[10] Specifically, the ALJ stated "I note, of course, that the number of bowel [] movement[s] the claimant has per day does not equate to an equivalent number of bowel movements during the workday; the number would, of course, be reduced." Tr. at 26.

symptoms would be distributed throughout the day, lay intuitions regarding medical data are often wrong. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (remanding a case where the ALJ found the claimant was capable of working because there was evidence the claimant was physically active, refusing to allow the ALJ's common sense deduction that an individual who is well enough to exercise was capable of working). Because the ALJ fails to point to any evidence in the record to support his conclusion regarding the frequency of the claimant's bowel movements, this finding was not supported by substantial evidence.

> ii. The ALJ's error was harmless as his assessment of Plaintiff's condition was supported by substantial evidence.

Even where the Court has found the ALJ has erred, it will affirm the Commissioner's decision if it finds that error was harmless. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank*, 326 F.3d at 622). To warrant remand, Plaintiff must prove that, absent the error, the ALJ "could and would not have adduced evidence that might have altered the result." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). "Procedural perfection in administrative proceedings is not required" and remand is only appropriate where the error affected a party's substantial rights. *Mays*, 837 F.2d at 1364.

The harmless error analysis also requires the Court to resolve Plaintiff's second argument, that the ALJ's general conclusion that Plaintiff's ulcerative colitis did not warrant time-off-task limitation was not supported by substantial evidence. Because the

ALJ's overall finding was supported by substantial evidence, the error was harmless and remand is not appropriate.

The Court cannot conceive a different administrative decision in the present case because the ALJ's ultimate conclusion is supported by substantial evidence. The ALJ indicates that his findings were based on the treatment records the history of which he summarized comprehensively. Tr. 26-27. In reviewing Plaintiff's treatment timeline from December 2020 through December 2022, the ALJ found that Plaintiff experienced some flare ups but ultimately she reports that "she was doing better with four or five bowel movements a day without incontinence." *Id*. at 26.

The ALJ's improper lay opinion comes at the end of his review of the medical evidence. *See id*. at 26-27. Though this opinion was unsupported, it was also not relied upon in the ALJ's conclusion. *Id*. at 27. Instead, the ALJ based his finding that time-off-task limitations were not required on the "infrequent presentations [of the condition] at no more than three-month intervals, conservative treatment with medication and the reports of improvement [of] bowel movement frequency with rare reports of incontinence". *Id*. Because the ALJ did not rely on his lay opinion as to the frequency of Plaintiff's symptoms during the workday the ALJ's unsupported statement is harmless. Further, the ALJ's decision is otherwise supported by substantial evidence, namely the medical reports which indicate that Plaintiff's condition had improved.

Accordingly, the ALJ's improper determination as to the frequency of Plaintiff's condition during a potential workday does not warrant remand as his ultimate findings were supported by substantial evidence.

## VI.  CONCLUSION

For these stated reasons, the Court AFFIRMS the Commissioner's decision.

ORDERED this 14th day of November 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE